1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Danny Ray Couch,                          No. CV-14-08133-PCT-DJH

10                        Petitioner,          **ORDER**

11   v.

12   Charles L. Ryan, et al.,

13                        Respondents.

14

15          This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus

16   pursuant to 28 U.S.C. § 2254 (Doc. 1), Petitioner's Motion to Dismiss (Doc. 14), and the

17   Report and Recommendation ("R&R") issued by United States Magistrate Judge

18   Michelle H. Burns (Doc. 16).  Petitioner raised four grounds for relief in the Petition.

19   (Doc. 1 at 6-14).  After a thorough analysis, Judge Burns determined that the Petition was

20   filed after the statute of limitations period expired and that Petitioner is not entitled to

21   equitable tolling.  (Doc. 16 at 9).  Accordingly, Judge Burns recommends the Petition be

22   denied.  (*Id.*).  Judge Burns further recommends that Petitioner's Motion to Dismiss be

23   denied.  (*Id.*).

24          Petitioner filed an Objection to the R&R ("Objection") (Doc. 19) on May 26,

25   2015.  Respondents then filed a Response to Petitioner's Objections (Doc. 20) on June 9,

26   2015.

27   . . . .

28   . . . .

1

## I. Background

2      The Magistrate Judge set forth the full procedural background of this case in the

3   R&R.  (Doc. 16 at 1-5).  The Court need not repeat that information here.  Moreover,

4   Petitioner has not objected to any of the information in the background section.  *See*

5   *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal

6   Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all

7   . . . of any issue that is not the subject of an objection.")

8   ## II. Analysis

9      Petitioner argues in the Objection that his state court motion for additional time to

10   file his first petition for post-conviction relief should have been granted.  Petitioner

11   claims the motion for additional time was timely filed and such motions are routinely

12   granted.  He contends, therefore, that the trial court judge should not have dismissed his

13   first petition for post-conviction relief for failure to file a timely petition.

14      Petitioner appears to be arguing that the Magistrate Judge should not have relied

15   on the trial court's dismissal of first petition for post-conviction as a basis to conclude that

16   his Petition in this Court was filed after the statute of limitations period expired.  In

17   addition, Petitioner argues the Magistrate Judge erred by recommending that the Petition

18   be dismissed with prejudice and recommending that his motion to dismiss, in which he

19   requests a stay or a dismissal without prejudice, be denied.  Petitioner claims he is

20   currently challenging the timeliness of his state court filings in the Arizona Court of

21   Appeals and argues that if he prevails, he should be able to file another habeas petition.

22      The district judge "shall make a de novo determination of those portions of the

23   report or specified proposed findings or recommendations to which objection is made."

24   28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must

25   determine de novo any part of the magistrate judge's disposition that has been properly

26   objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).  The judge "may

27   accept, reject, or modify, in whole or in part, the findings or recommendations made by

28   the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

1           As noted above, Petitioner does not dispute the procedural facts set forth in the
2    R&R.  At Petitioner's sentencing hearing on January 7, 2010, the trial court imposed the
3    presumptive sentence under Arizona law of 17 years in prison, which was consistent with
4    the terms of the plea agreement Petitioner entered.  (Doc. 16 at 2).  The following day,
5    Petitioner timely filed a post-conviction relief (PCR) petition in which he requested
6    appointment of counsel.  (*Id.*).  He checked several boxes in the PCR petition
7    corresponding to issues he wished to raise, but he failed to provide any factual or legal
8    support or further explanation of the issues.  (*Id.*).  The trial court subsequently appointed
9    counsel to represent Petitioner.  (*Id.*).

10          On July 8, 2010, Petitioner's appointed counsel filed a notice stating that counsel
11   could find no grounds for relief to assert in a PCR petition.  (Doc. 16 at 2).  Also in the
12   notice, counsel requested a 45-day extension of time, until August 23, 2010, for
13   Petitioner to file a *pro per* PCR petition.  (*Id.*).  On August 25, 2010, the trial court
14   dismissed the PCR proceedings because Petitioner failed to file a supplemental PCR
15   petition.  (Doc. 16 at 3).  The trial court found that the bare bones petition submitted by
16   Petitioner on January 8, 2010 failed to present any claims that would entitle Petitioner to
17   relief.  (*Id.*).

18          On August 24, 2010, Petitioner filed a motion to extend the deadline to submit his
19   supplemental PCR petition.  (Doc. 16 at 3).  The trial court denied that motion on August
20   31, 2010 and affirmed its August 25 order of dismissal.  (*Id.*).  The trial court found
21   Petitioner failed to demonstrate extraordinary circumstances for an extension beyond the
22   45 days previously granted, the standard required under Rule 32.4(c)(2) of the Arizona
23   Rules of Criminal Procedure.  (*Id.*).  Nothing in the record indicates Petitioner filed an
24   appeal of the trial court's decision denying his first PCR petition or the decision denying
25   his motion for an extension of time, and Petitioner does not assert otherwise.  Petitioner
26   subsequently filed five other PCR petitions, all of which were found to be untimely and
27   contain issues that could have been raised in the initial PCR petition.  (Doc. 16 at 3-5).
28   . . . .

1

**A. Timeliness**

2      Upon performing its own de novo review, the Court agrees with the Magistrate

3 Judge and finds that the Petition was filed after the statute of limitations period expired.

4 The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of

5 limitations on federal petitions for writ of habeas corpus filed by state prisoners.  *See* 28

6 U.S.C. § 2244(d)(1). The statute provides in pertinent part:

7

            A 1-year period of limitation shall apply to an
8       application for a writ of habeas corpus by a person in custody
        pursuant to the judgment of a State court. The limitation
9       period shall run from the latest of–

10              (A) the date on which the judgment became
        final by the conclusion of direct review or the expiration of
11      the time for seeking such review;

12      An "of-right" petition for post-conviction review under Arizona Rule of Criminal

13 Procedure 32, which is available to criminal defendants who plead guilty, is a form of

14 "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  *Summers v. Schriro*,

15 481 F.3d 710, 711 (9th Cir. 2007).  Therefore, in plea agreement cases, the judgment of

16 conviction becomes final upon "the conclusion of the Rule 32 of-right proceeding and

17 review of that proceeding or [upon] the expiration of the time for seeking such

18 proceeding or review." *Id.*

19      Here, after Petitioner was sentenced on January 7, 2010, he filed a timely PCR

20 petition on January 8, 2010.  *See* Ariz.R.Crim.P. 32.4(a) (providing that a petitioner has

21 ninety days from the entry of judgment and sentence to file an "of-right" petition for

22 post-conviction relief).  The trial court then issued a dismissal order on August 25, 2010

23 after Petitioner failed to file a *pro per* supplemental PCR petition. Petitioner then had

24 thirty days to seek review of the trial court's decision, which he failed to do. *See*

25 Ariz.R.Crim.P. 32.9(c) (providing that a petitioner has thirty days from the trial court's

26 decision to file a petition for review).  Thus, the judgment of conviction became final,

27 and the limitations period began to run, on September 25, 2010, the day after the thirty-

28 day period for seeking review expired. *See Summers*, 481 F.3d at 711 (holding that a

1   judgment of conviction pursuant to a guilty plea becomes "final" for purposes of §

2   2244(d)(1)(A) upon the conclusion of a Rule 32 of-right proceeding and review of that

3   proceeding or upon the expiration of the time for seeking such proceeding or review).

4   The limitations period ran uninterrupted until it expired one year later on September 25,

5   2011. Petitioner filed his habeas petition on July 24, 2014, nearly three years after the

6   limitations period expired. The Petition is, therefore, untimely.

7         Petitioner seems to suggest in his Objection that the state trial court erred when it

8   failed to grant his motion for a further extension beyond the 45 days that the court had

9   previously granted.  Petitioner himself, however, quotes from the applicable rule that

10  requires a showing of extraordinary circumstances to extend the deadline beyond the 45

11  days.   Thus, it appears the trial court acted well within its discretion in denying

12  Petitioner's motion to extend the deadline.  Moreover, Petitioner's remedy in that situation

13  was to seek review of the trial court's decision, which he did not do.  Thus, upon

14  conducting its own de novo review, the Court reaches the same conclusion as the

15  Magistrate Judge and finds the Petition is untimely.

16        **B.  Equitable Tolling**

17        Similarly, the Court finds Petitioner is not entitled to equitable tolling here.  The

18  limitations period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling where a

19  petitioner shows he has been pursuing his rights diligently and that extraordinary

20  circumstances prevented him from filing a timely petition.  *Holland v. Florida*, 560 U.S.

21  631, 649 (2010).  Equitable tolling is applied sparingly, as reflected by the "extraordinary

22  circumstances" requirement.  *Waldron-Ramsey* v. *Pacholke*, 556 F.3d 1008, 1011 (9th

23  Cir. 2009).  Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d

24  1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable

25  tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation

26  omitted). An "external force must cause the untimeliness, rather than, as we have said,

27  merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-*

28  *Ramsey*, 556 F.3d at 1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir.

1
2
3

2008)). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing, *inter alia, Holland*, 130 S.Ct. at 2562).

4
5
6
7
8
9
10
11

Petitioner has not shown that extraordinary circumstances prevented him from filing a timely petition.  The reasons he identifies in the Petition, including his lack of understanding of the law, misplaced reliance on other inmates for assistance, and a mistaken belief that "he could engage in endless rounds of Rule 32 proceedings," are insufficient to warrant equitable tolling here.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding "that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").   Accordingly, Petitioner is not entitled to equitable tolling.

### C.  Petitioner's Motion to Dismiss

12
13
14
15
16
17
18

Finally, the Court finds that dismissal of this action with prejudice is appropriate, and that Petitioner's request for a dismissal without prejudice or a stay of the habeas proceedings should be denied.  Even if Petitioner's sixth PCR petition, which was filed after this action, is still pending in state court, the Court finds no reason to expect a different result than the first five PCR petitions.  Accordingly, Petitioner's claim that he wants to preserve his right to file another habeas petition in the event the state court rules in his favor is without merit.  His motion to dismiss will be denied.

19

### III.  Conclusion

20

Based on the foregoing,

21
22

**IT IS ORDERED** that Magistrate Judge Burns' R&R (Doc. 16) is **accepted** and **adopted**.  Petitioner's Objections (Doc. 19) are overruled.

23
24

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

25
26
27
28

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

1       **IT IS FURTHER ORDERED** that Petitioner's Motion to Dismiss (Doc. 14) is

2  **denied.**

3       **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action

4  and enter judgment accordingly.

5       Dated this 3rd day of September, 2015.

_____

Honorable Diane J. Humetewa
United States District Judge